Carpenter v. Republic of Chile

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of November, two thousand twelve.

PRESENT:
> JOHN M. WALKER, JR.,
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

———————————————————————

Robert Carpenter,

> *Plaintiff-Appellant*,

> v.                                                           11-2829-cv

Minister of Justice, *et al.*,

> *Defendants-Appellees*,

Human Rights Commission of Chile, *et al.*,

> *Defendants*.

———————————————————————


FOR PLAINTIFF-APPELLANT:          Robert Carpenter, *pro se*, Southampton, NY.

FOR DEFENDANTS -APPELLEES:       Paul S. Reichler (Paul S. Reichler, Janis H. Brennan, o*n the brief*), Foley Hoag LLP, Washington, D.C.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION,** it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Robert Carpenter, proceeding *pro se*, appeals from the district court's judgment granting the Defendants-Appellees' motion to dismiss his complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). *See Metro. Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). Here, an independent review of the record and case law reveals that, for substantially the same reasons stated by the district court in its decision, the court properly granted the Defendants-Appellees' Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. Contrary to Carpenter's arguments on appeal, the court was not required to consider whether it had subject matter jurisdiction over his claims prior to considering whether it had personal jurisdiction over the defendants, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999), the court correctly applied New York's long-arm statute, C.P.L.R. § 302(a), in conducting its analysis, *see Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784–85 (2d Cir. 1999), and Carpenter did not allege facts that, if credited, would satisfy any of the provisions of C.P.L.R. § 302(a).

2

We have considered Carpenter's remaining arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
